NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-98

GEORGE J. VAZQUEZ

vs.

KAREN T. GOSCIMINSKI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On October 8, 2016, the parties were involved in a motor vehicle accident within the Golden Nozzle Car Wash, located on Russell Street in Hadley. The plaintiff, George Vazquez, sustained injuries to his back and neck. Approximately three years later, he brought this action against Karen Gosciminski, the driver of the other vehicle. The complaint alleged that Gosciminski was responsible for the accident and sought damages for, among other things, Vazquez's injuries, medical expenses, and lost wages.

Following a two-day trial in the Superior Court, a jury returned a verdict in favor of Vazquez and awarded him $22,500

in damages.[1]  Vazquez appeals,[2] claiming that he is entitled to a new trial because his lawyer committed legal malpractice in numerous respects and, "due to personal conflicts and a personality clash, squandered [his] opportunity for a fair[,] impartial jury trial."

We conclude there is no basis on which Vazquez is entitled to a new trial.  First, to the extent that Vazquez argues his attorney committed malpractice, a claim for which we discern no support, the proper remedy is not to grant a new trial.  A malpractice claim against an attorney is an independent cause of action that Vazquez would have to pursue against his attorney separately.  Second, Vazquez's arguments that certain medical records related to his treatment were improperly admitted and a police report prepared in connection with the accident was improperly excluded are raised for the first time on appeal and, therefore, are waived.  See Boss v. Leverett, 484 Mass. 553, 562-563 (2020).  In any event, even if we were to consider them,

---

[1] The judgment reflects that the amount awarded by the jury was reduced by $2,866.22 to account for personal injury protection (PIP) coverage.  Prejudgment interest in the amount of $5,438.91 and $350 in statutory costs were added to the award, and a final judgment in the amount of $25,422.69 was entered on December 8, 2021.

[2] Approximately one year after judgment entered, Vazquez filed a motion "for release from judgment" pursuant to Mass. R. Civ. P. 60 (b) (2) and (6), 365 Mass. 828 (1974), which was denied.  He did not file a notice of appeal from the order and, therefore, nothing related to that order is before us.

neither argument has merit.  Vazquez's medical records were properly admitted in evidence under G. L. c. 233, § 79G, and Mass. G. Evid. § 803(6)(C)(ii) (2023), and there was no error arising from the failure to introduce the police report where the report contained no information about the accident that had not been presented to the jury.[3]

Judgment affirmed.

By the Court (Vuono,
  Massing & Toone, JJ.[4]),

Assistant Clerk

Entered:  April 22, 2024.

---

[3] To the extent that we do not address Vazquez's other contentions, they "have not been overlooked.  We find nothing in them that requires discussion."  Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[4] The panelists are listed in order of seniority.